ABRAHAM LEVENSON, PLAINTIFF, v. SAMUEL SLAFF, DEFENDANT.

Decided May 11, 1929.

Before Justices TRENCHARD, KALISCH and LLOYD.

For the rule, *Edward A. Markley.*

*Contra, Wilbur A. Heisley.*

PER CURIAM.

This case came on for trial before Judge Porter, sitting without a jury, at the Passaic Circuit. He found in favor of the plaintiff and gave judgment for $1,642.17.

The record discloses that exceptions were taken by counsel of defendant to the findings of the judge, both of law and fact.

The reasons assigned for a new trial are fourteen in number. The first reason is that the verdict is against the clear weight of the evidence produced at the trial. The second, that the verdict is contrary to the evidence. We think neither reason has any merit. There was testimony before the trial judge fairly supporting his findings. The third reason assigned that the verdict is contrary to law is too general, and fails to point out in what particular respect the trial judge, in his findings, committed prejudicial error. The fourth reason is, that the trial judge should have given a verdict

in favor of the defendant. This reason is too general since it fails to state any ground why there should have been a finding in favor of the defendant. The fifth reason is, that the alleged contract on which the suit was based was in violation of the statute of frauds.

The basis of the plaintiff's action was an alleged contract made between him and Max Goldstein, on February 23d, 1923, whereby the plaintiff agreed with Goldstein to provide all the work for the plumbing, steam heating and hot water supply, and all the necessary materials therefor, for a certain building to be erected upon premises of which Goldstein was the owner, and for which Goldstein had agreed to pay the plaintiff the sum of $28,000. This contract was in writing.

Later, in the month of November, 1923, the plaintiff having proceeded with the furnishing of the work and materials and for which there was a balance due from Goldstein to the plaintiff, and Goldstein being in arrears for payments to be made for the materials which were being furnished, and for the work that was progressing, and, in fact, Goldstein being financially insolvent, and unable to comply with his promises, and in consequence unable to comply with the agreement referred to, and the plaintiff, under the Mechanics' Lien law, being entitled to file a lien upon the land and premises, and against the buildings being then erected, and having refused to continue to furnish any further materials, or do any work, the defendant, Samuel Slaff, who held a mortgage on the premises in question for $35,000, being desirous of having the building completed, and to have the plaintiff continue to furnish the labor and materials for the purpose of enhancing the security of his mortgage, and also that of another mortgage on the premises, which was held by the Superior Finance Corporation, in which the defendant, Slaff, was also interested, thereupon requested the plaintiff to forbear from enforcing his claim under the Mechanics' Lien law, and promised that if he, the plaintiff, would forbear to enforce his claim, and would continue to furnish materials and labor, and complete his contract with Goldstein, he, the defendant, would pay promptly and upon demand any and

all moneys due or to become due to the said plaintiff, for and on account of, and by reason of his having theretofore furnished any labor and materials, and also for all labor and materials which he should therefore furnish for said building, in course of construction. That the plaintiff, relying on the defendant's promises, forbore to file a mechanics' lien and continued to furnish labor and materials in the construction of the building.

The defendant denied the making of any such promise or promises.

The testimony adduced by the defendant raised these factual questions—first, whether or not the defendant verbally guaranteed the payment for the materials and labor which had already been furnished in the construction of the building, or had made himself personally liable by inducing the plaintiff to forbear from pursuing his remedy, under the statute, by filing a mechanics' lien for such materials and labor already furnished, and whether the plaintiff relied upon such promise, and did so forbear, and secondly, whether the plaintiff upon the promise of the defendant that if the former would continue to furnish labor and materials in construction of the building, he, the defendant, would pay for the same, and that the plaintiff relied on such promise and continued to furnish the labor and materials in the construction of the building.

We cannot say from a fair reading of the testimony that the findings of the trial judge on the factual questions were not fairly warranted.

The rule to show cause is discharged, with costs.